PATTERSON v CLEVE CLIFFS IRON CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10938. Decided Nov 24, 1930

Newcomb, Newcomb & Nord, Cleveland, for Patterson.

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Iron Co.

**LEVINE, J.**

Our first consideration must be addressed to the question of negligence. Were the defendants guilty of any breach of duty? It cannot be claimed that the relief valve was structurally defective, nor can any negligence be charged to defendants for the manner and way in which the valve was constructed. The owner had the undoubted right to place the valve where he found it convenient. If any negligence be charged to defendants, it would be that because of the location where the valve was situated it created a dangerous, unsafe and insecure condition and that it became the duty of the owners to warn the plaintiff of its existence.

At the time of the injury, the plaintiff was acting in the capacity of chief engineer of the boiler and engine room and was so acting for a period of three weeks preceding the injury, and was therefore in sole control of the same. There is no statutory provision requiring the owner of the vessel to warn the engineer and other men working in the engine and boiler room of the relief valve. If there be any duty at all, devolving upon defendants, there would be the common law duty which rests upon all persons to observe ordinary care under the circumstances.

Under the particular circumstances we are of the opinion that no duty devolved upon defendants to warn the chief engineer of the existence of the relief valve.

It seems to us that defendants, the owners of the vessel, had a right to assume that the chief engineer whose duty it is to exercise control in the engine and boiler room, which is his particular domain, would familiarize himself with everything there, including the existence of the relief valve.

Judging the duty of the owners by the standard of care which is usually observed by persons of ordinary prudence, it cannot be a debatable question that under the particular circumstances the owners were justified in not warning the engineer of the existence of the relief valve.

It will be observed that the relief valve was not in any way concealed or hidden. It was apparent to the naked eye and therefore obvious.

The owners are under no duty to give warning of that which is obvious or apparent, particularly to the man acting as chief engineer in sole control of the engine and boiler room.

A careful reading of plaintiff's evidence makes it, to say the least, extremely doubtful as to the cause of the plaintiff's fall. Plaintiff stated that the boat took a sudden roll; that he reached out for something to grasp and landed on the floor; that he doesn't remember anything else and the first thing he remembers is that somebody was dressing his head. It is true that later in his testimony he stated that he tripped over a relief valve, but taking the two statements together, and the suddenness with which it all happened, it does appear that the fall quickly followed the sudden roll of the vessel. The statement that he doesn't remeber anything else, that the first thing he remembers is when somebody was dressing his head, is a perfectly natural statement under the circumstances. The statement which followed, that he tripped over a relief valve, seems to us more a matter of guess rather than that of knowledge.

We are, however, not desiring to invade the province of the jury, in passing on the question of fact, but merely desire to point out the weakness in the plaintiff's narrative.

It is quite clear to us that the specification of negligence upon which the plaintiff relies, namely, the failure of defendants to give warning, cannot be made the basis of recovery, as under the circumstances the owner was under no duty to give such warning to the chief engineer who was in sole control of the engine and boiler room.

Assuming for the sake of argument that there was a duty upon the owner to give warning of the existence of the relief valve, we are of the opinion that the plaintiff assumed the risk incidental to his employment. That under the circumstances related in the evidence, the existence of the relief valve was an obvious risk which under the Federal Employers Liability Act the employee assumes.

"Obvious" is that which is readily perceived by the eye. The obvious dangers of an employment are those which are apparent. They are the apparent risks of the work. They are the risks which are apparent in the exercise of ordinary observation and which are disclosed by the use of the eyes and other senses. If a servant fails to observe that which is obvious and suffers, he cannot charge the consequences on his master. The risks so taken are impliedly

assumed by him. See Dillenberger vs Weingartner, 45 Atl. 638.

We find no error in the judgment of the common pleas court and the same will therefore be affirmed.

Vickery, PJ, concurs. Cline, J, not participating.